# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-KA-00178-SCT

*EDDRICK WILLIS CYRUS a/k/a EDDRICK CYRUS*
*a/k/a EDDRICK W. CYRUS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/12/2017 |
| TRIAL JUDGE: | HON. JON MARK WEATHERS |
| TRIAL COURT ATTORNEYS: | TIMOTHY KEVIN BYRNE |
| | STEVEN ALFRED KOHNKE |
| | JACK LUCIAN DENTON |
| | DECARLO CHAS HOOD |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | OFFICE OF THE STATE PUBLIC DEFENDER |
| | BY: BENJAMIN ALLEN SUBER |
| | GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ALICIA MARIE AINSWORTH |
| DISTRICT ATTORNEY: | PATRICIA A. THOMAS BURCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 02/08/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., KING AND COLEMAN, JJ.**

**KING, JUSTICE, FOR THE COURT:**

¶1.     On December 13, 2016, a jury convicted Eddrick Cyrus of sale of less than two grams

of a controlled substance.  Cyrus appeals his conviction, arguing that the verdict was against

the overwhelming weight of the evidence and that he is consequently entitled to a new trial.

Because the verdict is not against the overwhelming weight of the evidence, this Court affirms his conviction.

## FACTS AND PROCEDURAL HISTORY

¶2.    On July 30, 2014, Cyrus sold heroin to Joshua Kizziah, a confidential informant making a controlled buy arranged by Agent Benji Hensarling. The buy was captured on a very clear video that depicted Cyrus giving Kizziah two bags in exchange for money. The video had a time stamp on it of "2001/02/14." Agent Hensarling testified that no one ever sets the clock on the video equipment. Kizziah gave the two bags to Agent Hensarling. Agent Hensarling testified that he placed the alleged heroin in a bag, heat sealed the bag, and placed it in the locked Metro Evidence locker. Sergeant Joe Kennedy testified that he observed Commander Adams retrieve the bag from the evidence locker. He testified that he then transported the bag to the Mississippi Forensics Laboratory. A drug analyst from the Forensics Lab testified regarding the Forensics Lab's chain of custody procedures. She determined that the bag contained heroin and the non-controlled substance diphenhydramine. Agent Hensarling testified that he retrieved the bag from the Forensics Lab after testing was completed and transported it back to the police station. The chain of custody form on the bag itself depicts only that Agent Hensarling placed the bag into the Metro Evidence locker on July 30, 2014. Sergeant Kennedy testified that the police often noted the chain of custody in a log book, rather than on the evidence itself, although that log book was never placed into evidence.

¶3. The State tried Cyrus in December 2016, and the jury found him guilty of the sale of less than two grams of a controlled substance. The court sentenced Cyrus to serve fourteen years without the possibility of parole, as a habitual and second and subsequent offender. Cyrus appeals his conviction, arguing that the trial court erred by denying his motion for a new trial because the verdict was against the overwhelming weight of the evidence for two reasons. He argues that the evidence does not support that the incident occurred on July 30, 2014. He also argues that the State failed to prove the chain of custody of the evidence.

## ANALYSIS

¶4. In considering whether a verdict is contrary to the overwhelming weight of the evidence, this Court reviews the evidence in the light most favorable to the verdict to determine whether the verdict is so contrary to the overwhelming weight of the evidence that allowing it to stand would amount to an unconscionable injustice. *Little v. State*, – So. 3d –, 2017 WL 4546740 (Miss. Oct. 12, 2017). In reviewing the evidence in the light most favorable to the verdict, the Court must accept the evidence supporting the verdict as true. *Gillett v. State*, 56 So. 3d 469, 504 (Miss. 2010). This Court will reverse a trial court's denial of a motion for new trial only when the trial court abused its discretion. *Id.*

¶5. Cyrus claims that since the date on the video indicates the year 2001, the State failed to prove that the transaction occurred on July 30, 2014. Both Agent Hensarling and Kizziah testified that the buy occurred on July 30, 2014. Agent Hensarling testified that no one ever set the time on the video equipment. Weighing witness testimony and determining credibility is the province of the jury. *Osborne v. State*, 54 So. 3d 841, 846 (Miss. 2011). The jury

3

clearly believed their testimony regarding the discrepancy.[1]  Additionally, the evidence bag indicated that Agent Hensarling placed it into the evidence locker on July 30, 2014.  Viewing this evidence in the light most favorable to the verdict, it cannot be said that the verdict is so contrary to the overwhelming weight of the evidence that it amounts to an unconscionable injustice.

¶6.     The test regarding the chain of custody is whether an indication or reasonable inference exists "of probable tampering with the evidence or substitution of the evidence." *Tubbs v. State*, 185 So. 3d 363, 369 (Miss. 2016) (internal quotations omitted).  A presumption of regularity applies to the actions of the public officers, and the defendant bears the burden of producing evidence that the chain of custody has been broken.  *Id.*  A mere suggestion of substitution does not meet this burden.  *Id.*  Moreover, it is unnecessary that every handler of the evidence testify.  *Id.*

¶7.     Kizziah testified that he gave to Agent Hensarling the bags he received from Cyrus. Agent Hensarling testified that he placed the bags in an evidence bag, heat sealed it, and placed it in the evidence locker.  The evidence bag itself also reflects this.  Sergeant Kennedy testified that he observed his commander remove the evidence, and that he transported it to the Forensics Lab.  The Forensics Lab employee testified as to the Forensics Lab's chain of custody procedures and testified regarding handling the bags herself.  Agent Hensarling testified that he retrieved the evidence from the Forensics Lab and returned it to the police station.  Cyrus does not even appear to make a mere suggestion of impropriety in the chain

---

[1]The jury also viewed the very clear video and could have ascertained if the parties involved appeared fifteen years younger than they appeared in the courtroom.

of custody. Rather, he argues that the State failed to prove the chain of custody because no physical evidence of the chain of custody was produced, given that the evidence bag's chain of custody form was left mostly blank and that the log book was not entered into evidence. Cyrus does not point to any cases from this Court that hold that the chain of custody must be proven with physical evidence. It is clear that testimony by the evidence handlers may prove the chain of custody. *See Tubbs*, 185 So. 3d at 369. Viewing the chain of custody testimony in the light most favorable to the verdict, it cannot be said that the verdict is so contrary to the overwhelming weight of the evidence that it amounts to an unconscionable injustice.

## CONCLUSION

¶8.    Cyrus's arguments are without merit. Cyrus's conviction was not against the overwhelming weight of the evidence, and this Court affirms his conviction.

¶9.    **AFFIRMED.**

**WALLER, C.J., RANDOLPH AND KITCHENS, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR.**

5